**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4581**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

GREGORY KEITH PARR,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:18-cr-00015-GMG-RWT-1)

Submitted: January 17, 2019                Decided: February 4, 2019

Before KEENAN and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Wheeling, West Virginia, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Keith Parr pled guilty to failing to register as a sex offender, in violation of 18 U.S.C.A. § 2250(a) (West 2015 & Supp. 2018). He argues on appeal that the district court imposed improper special conditions of supervised release. Finding no error, we affirm.

The five contested conditions of supervised release include a mandatory sex offense-specific assessment and treatment program, limitations on certain sexual conduct, and a requirement that Parr notify others of his sex offender status. Because "[d]istrict courts are afforded broad latitude to impose conditions on supervised release," we review such conditions only for abuse of discretion. *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). A district court may impose any special condition reasonably related to the relevant statutory sentencing factors in 18 U.S.C. § 3553(a) (2012), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide for adequate deterrence, the need to protect the public, and the need to provide the defendant with training, medical care, or treatment. *Douglas*, 850 F.3d at 663; *see* 18 U.S.C.A. § 3583(d) (West 2015 & Supp. 2018).

After a complete review of the record in this case and careful consideration of our decision in *Douglas*, we conclude that the district court did not abuse its discretion in imposing the challenged conditions of supervised release. The district court explicitly considered Parr's history and characteristics and the offense's nature and circumstances—including its violent nature and temporal remoteness—and concluded

2

that the conditions were "appropriate for supervision of a twice-convicted sex offender." (J.A. 50; *see* J.A. 45-50).[*]  Indeed, the court excluded several of the recommended conditions because they would not advance the goals of supervised release, reflecting the court's "measured judgment to impose conditions causing no greater a deprivation of liberty than was reasonably necessary to satisfy [the sentencing] factors." *Douglas*, 850 F.3d at 666-67. The court ultimately imposed a downward variance prison sentence on the theory that these conditions would support Parr's reentry into the community by "identifying [his] treatment needs, providing rehab services, reducing [his] risk of recidivism, and provid[ing] for protection of the community." (J.A. 61-62; *see* J.A. 60-64).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] "J.A." refers to the joint appendix filed by the parties.

3